McDOWELL v. SWOPE.

No. 12486.

United States Court of Appeals
Ninth Circuit.

July 31, 1950.

Sidney E. Roberts, San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., Joseph Karesh, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HEALY and ORR, Circuit Judges, and McLAUGHLIN, District Judge.

McLAUGHLIN, District Judge:

This is an appeal from the denial below of a petition for a writ of habeas corpus.

The background of the problem presented is that appellant was sentenced on June 22, 1943, to fourteen years by a court of the State of Michigan and escaped from the state prison on October 7, 1944. On June 7, 1945, for violation of federal law he was sentenced by the district court of the District of Nebraska to three years and was subsequently transferred to and confined at Alcatraz.

In March 1945 appellant was indicted in the Southern District of Indiana upon two counts. Count One charged forcible entry into a Post Office under § 315 of 18 U.S.C.A., now § 2115 of Revised Title 18 U.S.C.A., which carried a maximum punishment of $1,000 *and* five years. Count Two alleged a violation of § 313 of 18 U.S.C.A., now § 1707 of Revised Title 18 U.S.C.A., which before the revision, prescribed a maximum of $200 *or* three years *or* both.

In November 1945 appellant was taken to the district court in Indiana to answer to the indictment. An attorney was appointed to represent him and on November 23, 1945, appellant withdrew his plea of not guilty and entered a plea of guilty.

Following the entry of the plea of guilty, appellant's counsel asked the court to give the appellant concurrent sentences in view of the fact that the offense arose out of one transaction and because he was then serving a three year term, after which there remained to be served a fourteen year state sentence in Michigan. After discussing the matter with both parties, the court said "I think that five years is all right in this case, and I think that should run consecutively with the term he is now serving." Inquiry being then made by the government as to "the sentence he escaped from" (Michigan), the court asked counsel if the sentence could be made to run consecutively with the state sentence as well. Being advised that it could, the court directed that the judgment be worded to so provide, and said to appellant "You understand what the sentence is, five years to run consecutive with the sentence you are now serving, and

also with the Michigan sentence * * * if it is necessary for him to serve that first, and then would be consecutive. In other words, he would not be serving this five years at the same time he is serving Michigan."

Despite being well satisfied on the point that day, November 23, 1945, the judge called the appellant back to court November 26, 1945, " ' * * * for fear there might be a misunderstanding as to the form of the judgment that is to be entered * * *." Observing that " * * * the sentence was last Friday, and this is the judgment * * *" the court directed that the judgment omit a reference to the Michigan sentence and said " * * * just make this cumulative with the sentence which he is now serving." The court then asked the clerk to read the cumulative judgment, after which the court reflected that it "is a very good judgment" and appellant expressed satisfaction.

The judgment entered read " * * * Five years * * * cumulative with and in addition to the sentence now being served by said defendant * * * at Alcatraz * * * and that said sentence * * * shall begin to run upon the expiration of the sentence now being served by * * * defendant."

Upon these facts the question presented by this appeal is: Was the November 23, 1945, sentence so lacking in certainty as to its time sequence as to be a sentence which began to run that day, concurrently with the sentence appellant was then serving, and to have been, appellant being confined November 23, awaiting transportation back to Alcatraz, beyond the power of the court to clarify by an amendment made November 26, 1945?

If the original sentence of November 23rd was ambiguous, as alleged, and beyond the power of the court to clarify by amendment, the writ should issue, for, deducting appellant's good time allowance said to be 480 days, the given sentence would have been satisfied July 30, 1949.

Appellant, alleging lack of certainty, lack of authority to amend, and with reliance upon § 709a, 18 U.S.C.A. now § 3568, Revised Title 18 U.S.C.A., contends that the answer to the stated issue should be in the affirmative and the court below reversed, with directions to issue the writ. Appellant is, of course, aware of the fact that should the writ issue the authorities of the State of Michigan would promptly take him into custody.

We ascertain no merit in appellant's contentions. The appeal must, therefore, be dismissed.

■ Before directly reaching the issue presented, it should be observed that the validity of this general sentence is not, nor could it be successfully, challenged. McKee v. Johnston, 9 Cir., 109 F.2d 273, certiorari denied 309 U.S. 664, 60 S.Ct. 592, 84 L.Ed. 1011; McDonald v. Johnston, 9 Cir., 149 F.2d 768. Though not prevalent in this ciriuit, the loose practice of imposing a general sentence is definitely to be discouraged. United States v. Karavias, 7 Cir., 170 F.2d 968; Morrison v. Hunter, 10 Cir., 161 F.2d 723. Note is also made that the imposed sentence was not invalid for failure to comply fully with the mandate of § 315. The court of appeals for the Seventh Circuit has so advised appellant in an unreported order. A sentence should conform completely with the mandate of the statute. But where a defendant is given less than is provided for by the statute, he cannot be heard to complain as the injury is not his but the public's. Nancy v. United States, 9 Cir., 16 F.2d 872; Cook v. United States, 1 Cir., 171 F.2d 567, certiorari denied 336 U.S. 926, 69 S.Ct. 647, 93 L.Ed. 1088. This defect, too, may be cured without involving double jeopardy. Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 649, 91 L.Ed. 818, affirmed 3 Cir., 155 F.2d 592.

■ Here, had the original wording of the sentence stood, it may well have fulfilled the requirements of the rule of fair certainty. United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309; Brown v. Johnston, 9 Cir., 91 F.2d 370.

But whether that be so or not, there can be no question but what the court in 1945 had the authority to amend the sentence. Bozza v, United States, supra; Bledsoe v. Johnston, 9 Cir., 154 F.2d 458, certiorari

denied 328 U.S. 872, 66 S.Ct. 1367, 90 L.Ed. 1642. See also, currently, Rules 35 and 36, F.R. Crim. Proc. 18 U.S.C.A.

Here, within three days, the judge simply deleted from the sentence of November 23rd the "if" requirement that the given sentence not only follow the sentence appellant was then serving but "if * * * necessary * * *" the pending state sentence also.

No contention is or could be made that this amendment effected an increase of sentence. It had constantly been the clear intention of the judge that the sentence was to begin at a future date which may well have been determinable. Even if the sentence had not been adequately certain as to the time sequence factor originally, § 709a of 18 U.S.C.A., § 3568 of Revised Title 18, would avail appellant naught. His detention November 23rd was but a continuation of the sentence he was then serving, after which, and only thereafter, was the given sentence to begin to run if it was then ascertained, factually or legally, that it was not at that time necessary for appellant to begin paying his debt to the State of Michigan.

As has been pointed out, however, the judge did have the authority to amend the sentence on November 26th. What may previously have been the basis for raising a question as to just when the given sentence was to begin to run was eradicated. The permissible amendment resulted in the sentence specifically providing that it was to commence to run after appellant had satisfied the sentence he was then serving. Michigan was then to await appellant's serving all of the time which he then owed to the United States.

"Sentencing" is not a "game in which a wrong move by the judge means immunity for the prisoner." United States v. Bozza, supra. See also Rowley v. Welch, 72 App.D.C. 351, 114 F.2d 499. Here, we also hold that by amending the sentence so as to change the time sequence factor, the judge did only what he had authority to do, and appellant cannot be heard to complain.

Affirmed.