**Chester E. JACKSON, Petitioner,**
v.
**George W. HUMPHREY, Warden,**
**Respondent.**
No. 282.

United States District Court
M. D. Pennsylvania.
Nov. 25, 1955.

Van Susteren & Bollenbeck, Appleton, Wis., Charles W. Kalp, Lewisburg, Pa., for petitioner.

J. Julius Levy, U. S. Atty., Roger A. Woltjen, Asst. U. S. Atty., Scranton, Pa., James K. Gaynor, Lieutenant Colonel, Judge Advocate General's Corps, United States Army, Washington, D. C., for respondent.

FOLLMER, District Judge.

The petitioner, now a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, seeking a writ of habeas corpus, was a soldier in the United States Army at the time he was convicted by general court-martial in Korea on June 8, 1951. He was found guilty of the premeditated murder of a Korean woman on March 16, 1951, in violation of Article

of War 92, 10 U.S.C.A. § 1564*, and of the attempted rape of said person, in violation of Article of War 96, 10 U.S.C.A. § 1568.† The general court-martial sentenced petitioner to be dishonorably discharged, to forfeit all pay and allowances to become due after the date of the order directing execution of the sentence, and to be confined at hard labor for the term of his natural life.

On July 3, 1951, the sentence was approved by the convening authority of the general court-martial.

On January 15, 1952, a board of review in the office of The Judge Advocate General set aside the conviction for premeditated murder and sustained the conviction for attempted rape. Consequently, it held the sentence of confinement at hard labor for life was improper and stated: "Under the vicious circumstances in this case, a sentence of dishonorable discharge, total forfeitures and confinement at hard labor for twenty (20) years is appropriate for conviction of an attempt to commit rape."[1] The sentence, as modified, was affirmed.

Although the charges under which petitioner was tried alleged violations of the Articles of War, the Uniform Code of Military Justice, 50 U.S.C.A. § 551 et seq., became effective on May 31, 1951, so that the trial on June 8, 1951 and subsequent proceedings were had under the Uniform Code.

The Law Officer, under the Uniform Code, does not deliberate with the court but is required to instruct the court upon the applicable law in the case, Article 51(c) of the Uniform Code of Military Justice, 50 U.S.C.A. § 626.

The Law Officer instructed the court-martial that since the accused had been found guilty of premeditated mur-

der, the only sentences authorized by law were death or imprisonment for life, Article of War 92, 10 U.S.C.A. § 1564.[2] He made no reference to the maximum for attempted rape, but this would have been superfluous since in court-martial practice a sentence is entire and single, or, as is commonly stated, a general or gross sentence, and the court was required as a consequence of the conviction for premeditated murder, to impose a sentence of either death or life imprisonment.

Petitioner contends that the board of review having set aside the murder conviction for lack of evidence and having affirmed the conviction for attempted rape, should have ordered a rehearing or that the charges be dismissed, and as a sequitur, that petitioner should be released in this habeas corpus proceeding. What petitioner is in effect contending is that unless there are concurrent sentences on the various specifications as might be imposed on various counts of an indictment in the civil courts, the prisoner goes scot free if the military board of review sets aside the conviction on one of the specifications.

Col. Winthrop in 1896 in his classic treatise[3] on military law states:

"In the absence of any statutory direction on the subject, usage has established that the sentence of a court-martial shall be, in every case, an *entirety;* that is to say that there shall be but a single sentence covering all the convictions on all the charges and specifications upon which the accused is found guilty, however separate and distinct may be the different offences found, and however different may be the punishments called for by the offences."[4]

This practice has never been changed in any Articles of War, Manuals for

---

* Now 50 U.S.C.A. § 712.

† Now 50 U.S.C.A. § 728.

1. Record of Trial, Respondent's Exhibit G, Page 14.

2. Which is similar to the provision in Article 118 of the Uniform Code, 50 U.S.C.A. § 712.

3. See comment in United States ex rel. Toth v. Quarles, 350 U.S. 11, 14, note 8, 76 S.Ct. 1, 4.

4. Winthrop's Military Law and Precedents, 2d Ed. (1920), Page 404.

Courts-Martial or the recent Uniform Code of Military Justice. This was recognized by the Court of Military Appeals in United States v. Keith, 4 Court-Martial Reports, 34, 40,

"* * * The concurrent sentence, in the sense in which that device is utilized in the administration of criminal law in the civilian community, is entirely without precedent in military procedure. See Manual for Courts-Martial, supra, paragraphs 76, 125, 126, 127. Under military law a single inclusive sentence is imposed—the sum of individual punitive actions deemed legal and adequate—regardless of the number or character of the offenses of which the accused has been convicted. It will be obvious that a rule which has its basis in a concurrent sentence situation is not an appropriate subject for importation into a system in which the instrument lying at the basis of the principle is unknown, and a unitary sentence is always assessed."

Nor is the gross or general sentence unknown to the civil law. In Jones v. Hill, 3 Cir., 71 F.2d 932, it was recognized that

"* * * 'The great weight of authority in the federal courts holds that such sentences are not void and that a general or gross sentence may be imposed under an indictment containing more than one count so long as it does not exceed the aggregate of the punishments which could have been imposed upon the several counts. * * *'"[5]

■ While there has been a tendency in some of the civil courts recently to criticize the general sentence as loose practice,[6] it certainly does not involve a want of due process or affect the jurisdiction or power of the military courts. Neither is there anything startling or shocking in the construction by the military courts that a general sentence, where conviction on one or more specifications is set aside, remains valid to the extent that it is applicable to the remaining specifications. The civil courts have, in the past, applied the same doctrine. In McKee v. Johnston, 9 Cir., 109 F.2d 273, 276, a general sentence of seventeen years had been imposed. It was contended that some counts were invalid and that the remaining counts did not support the full seventeen year sentence. The court said:

"It is well settled that where a court has jurisdiction of the person and of the offense, the imposition of a sentence in excess of what the law permits does not render the authorized portion of the sentence a nullity, but leaves open to attack on habeas corpus only such portion of the sentence as is excessive. * * *"[7]

■ In the civil procedure it is possible to remand the case to the trial court for resentence[8] or for correction of the sentence,[9] but this is not practicable in the military system. This is well stated by the Court of Military Appeals in United States v. Keith, supra,[10] wherein, in holding that such power was vested in the intermediate appellate court known as the Board of Review, it said:

"* * * Were the setting of the present case a civilian one, we would experience no difficulty in remanding to the court trying the accused for reconsideration of sen-

5. See also McDowell v. Swope, 9 Cir., 183 F.2d 856, 858; United States v. Sposato, 2 Cir., 73 F.2d 186; McKee v. Johnston, 9 Cir., 109 F.2d 273.

6. McDowell v. Swope, 9 Cir., 183 F.2d 856; United States v. Karavias, 7 Cir., 170 F.2d 968; Morrison v. Hunter, 10 Cir., 161 F.2d 723.

7. See also McDonald v. Johnston, 9 Cir.,

149 F.2d 768, 769; Dimenza v. Johnston, 9 Cir., 131 F.2d 47.

8. Moss v. United States, 6 Cir., 132 F. 2d 875; cf. United States v. Lynch, 7 Cir., 159 F.2d 198.

9. McDonald v. Johnston, Warden, 9 Cir., 149 F.2d 768.

10. See also United States v. Bigger, 8 Court-Martial Reports 97.

tence or for retrial. In a military situation, however—and for reasons which must be apparent to all—this disposition of the matter is impracticable, if not impossible of achievement. In view of the lapse of time involved, it is highly probable that the court-martial which tried the accused, Keith, is no longer functioning as such. Through change of assignment, or otherwise, its members, indeed, may be scattered beyond recall. Even assuming the contrary in the present situation, the mentioned impossibility is certain to exist in many others involving an identical problem. Remand to the trial forum, for virtually any purpose in the military scene, is a difficult business, and remand from this Court simply an unworkable device. Fortunately it is also an unnecessary one. The Uniform Code of Military Justice, Article 66(c), 50 U.S.C. § 653, provides as follows:

" 'In a case referred to it, the board of review shall act only with respect to the findings and sentence as approved by the convening authority. It shall affirm only such findings of guilty, and *the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved.* In considering the record it shall have authority to weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses. (Emphasis supplied.)'

"Had the board of review, following its appearance before that body, disapproved the findings of guilty as to the misbehavior charge in the present case, it could have affirmed only 'such part or amount of the sentence, as it * * * (found) correct in * * * fact and * * * (determined), on the basis of the entire record, should be approved.' This Court is without statutory authority to act in such a manner. We may, however, correct a board of review in matters of law— and this we have done in the instant case with respect to board action on the charge specifying an instance of misbehavior. Accordingly, we now remand the case to The Judge Advocate General, United States Army, for reference to the board of review for the purpose of determining the adequacy of the sentence. See Uniform Code of Military Justice, Article 67(f), 50 U.S.C. § 674. * * *"

█ Sentencing is a post trial procedure, a stage beyond the actual trial, as to which the Army must make its own determination through its own tribunals. There is nothing abhorrent in the thought of separating the sentencing and the guilt-finding functions. There have been suggestions in relation to the civil courts that "once the judge has performed his duty as presiding officer at the trial and guilt is established the disposition would be turned over to a sentencing board * * *."[11]

Recently the Honorable Simon E. Sobeloff, Solicitor General of the United States, in addressing the Section of Criminal Law of the American Bar Association, proposed that appellate courts be given the power to review sentences imposed.[12] Nor have appellate courts hesitated to reduce sentences in excess of the maximum. In Spirou v. United States, 2 Cir., 24 F.2d 796, 797, the court said:

" * * * The sentence is void merely for the excess. Dodge v. United States, 2 Cir., 258 F. 300,

---

11. Developing Systematic Sentencing Procedures by Judge William J. Campbell in September 1954 issue of the Federal Probation Journal of the Administrative Office of the United States Courts, Vol. 18, No. 3, at page 7. Judge Campbell does not favor this course.

12. American Bar Association Journal, January 1955, Vol. 41, No. 1, Page 13.

306, 7 A.L.R. 1510. In Wechsler v. United States, 2 Cir., 158 F. 579, this court, under similar circumstances, reversed and remanded to the District Court, with instructions to enter a sentence in accordance with the statute. We see no reason, however, why we may not adopt the less cumbersome procedure of correcting the sentence by our own mandate, as was done in Salazer v. United States, 8 Cir., 236 F. 541; Priori v. United States, 6 Cir., 6 F.2d 575; Goode v. United States, 8 Cir., 12 F.2d 742; Jackson v. United States, 9 Cir., 102 F. 473."

The Supreme Court in Bozza v. United States, 330 U.S. 160, 166, 67 S.Ct. 645, 649, 91 L.Ed. 818, aptly said:

"* * * This Court has rejected the 'doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence.' In re Bonner, supra, 151 U.S. [242] at 260, 14 S.Ct. [323], at page 327, 38 L.Ed. 149. The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. See King v. United States, 69 App.D.C. 10 [15], 98 F.2d 291, 296. * * *"[13]

■ Since a court-martial is generally beyond recall after the trial, certainly the power to correct a sentence, in a situation such as we now have before us,

must lie somewhere within the military system and the Court of Military Appeals, the highest court in the military system,[14] has made the determination where that power lies. It does not involve a lack of jurisdiction or a want of power within the military system which would justify this Court in interfering therein. Within the military system the action of the board of review was proper and within its authority.

In DeCoster v. Madigan, 7 Cir., 223 F.2d 906, 910, in a habeas corpus proceeding involving a defendant involved in the same crime with the petitioner, the court arrived at a different conclusion. Its reasoning is predicated upon the proposition that "imposition of sentence by the proper authority is an essential step in administration of criminal justice." But the fallacy lies in attempting to determine for the army what constitutes such proper authority within the military system instead of leaving that determination of a procedural matter to the Court of Military Appeals. This Court is in accord with the conclusion arrived at by Judge Finnegan in his dissenting opinion. What effect, in the light of the Supreme Court's opinion in Toth v. Quarles, supra, the dishonorable discharge would have upon an attempt to resentence on the theory of the majority opinion that the original sentence was void, need not be decided here.

The application for writ of habeas corpus will be denied and the rule to show cause discharged.

13. See also Coy v. Johnston, 9 Cir., 136 F.2d 818, 820, certiorari denied 320 U.S. 788, 64 S.Ct. 199, 88 L.Ed. 474, rehearing denied 320 U.S. 815, 64 S.Ct. 426, 88 L.Ed. 493; King v. United States, 69 App.D.C. 10, 98 F.2d 291, 296; McDowell v. Swope, supra.

14. Burns v. Wilson, 346 U.S. 137, 141, Note 7, 73 S.Ct. 1045, 97 L.Ed. 1508.