Chester E. **JACKSON**, Appellant,

v.

John C. **TAYLOR**, Acting Warden.

No. 11808.

United States Court of Appeals
Third Circuit.

Argued April 17, 1956.

Decided May 31, 1956.

Urban P. VanSusteren, Appleton, Wis., for appellant.

James W. Booth, Washington, D. C. (J. Julius Levy, U. S. Atty., Scranton, Pa., on the brief), for defendant-appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

■ A general court-martial, convened in Korea on June 8, 1951, found the petitioner, a soldier in the United States Army, and two other soldiers guilty of the premeditated murder of a Korean woman and of an attempt to rape her somewhat earlier the same day. Under military law either death or life imprisonment is the mandatory punishment for premeditated murder. Attempted rape is punishable by imprisonment not to exceed 20 years. See Table of Maximum Punishments, Manual for Courts-Martial, U.S.1951, 219, 221. Each of the accused soldiers was sentenced to life imprisonment. The convening authority

approved this action, but a board of review, while sustaining the conviction of attempted rape, found the conviction of murder unwarranted and set it aside. With reference to the sentence imposed by the court-martial the board of review ruled as follows:

> "By reason of the * * * action herein taken as to the murder specification, the sentences [imposed upon the three soldiers] of confinement at hard labor for life are improper. Under the circumstances in this case, a sentence of dishonorable discharge, total forfeiture and confinement at hard labor for twenty (20) years is appropriate for conviction of an attempt to commit rape."

Procedurally, the board undertook to modify and reduce the life sentence to a sentence of imprisonment for 20 years and order the sentence affirmed as thus modified. United States v. Fowler, et al., 1952, 2 C.M.R. 336. The United States Court of Military Appeals denied a petition for further review. 1952, 1 U.S.C. M.A. 713. It is conceded that no question was raised before that tribunal as to the authority of the board of review to modify the sentence in the manner described above.

To serve this 20 year term petitioner was committed to a federal penitentiary in the Middle District of Pennsylvania. While there confined he has instituted this habeas corpus proceeding in the district court challenging the validity of the modified sentence.

■ Petitioner does not claim any deprivation of constitutional right. He contends only that under military law the board of review was without authority to change the life sentence to one of 20 years' imprisonment, instead of ordering either a new trial or his release. One of the petitioner's confederates, who had been convicted with him and whose sentence had been reviewed and modified at the same time and in the same way, but who was imprisoned in Indiana, has already successfully urged this contention in the Seventh Circuit. DeCoster v. Madigan, 7 Cir., 1955, 223 F.2d 906. However, in the present case, the district court was not persuaded by the claim of invalid sentencing and, accordingly, denied the petition. Jackson v. Humphrey, 1955, 135 F.Supp. 776. This appeal followed.

As stated above, the question of the reviewing board's resentencing power under military law, now raised by petition for habeas corpus, was not raised by the petitioner before the Court of Military Appeals when he asked that court to review the action of the board of review. Therefore, the government argues that the issue should not be considered now for the first time on habeas corpus. Cf. Burns v. Wilson, 1953, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508. But, believing the district court reached the correct conclusion on the merits, we shall not decide whether the same result could properly have been reached by denying the propriety of habeas corpus as a remedy in the circumstances in this case. Compare the reasoning of the concurring opinion in United States ex rel. Auld v. Warden of New Jersey State Penitentiary, 3 Cir., 1951, 187 F.2d 615, 620.

The appropriate procedures on review and the powers of the reviewing authorities in this case are prescribed by the Uniform Code of Military Justice, 50 U. S.C.A. c. 22, which became effective on May 31, 1951. Article 66(c) of that code confers and defines the power of a board of review as follows:

> "In a case referred to it, the board of review shall act only with respect to the findings and sentence as approved by the convening authority. It shall affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved. * * * "
> 64 Stat. 128, 50 U.S.C.A. § 653(c).

Here, the board of review, in changing the petitioner's sentence from life imprisonment to 20 years, thought it was properly exercising the power Article 66

(c) gives it to "* * * affirm * * * such part or amount of the sentence, as it finds correct * * *." Opposing this view, petitioner argues that the 20 year term approved by the reviewing authority is not a "part or amount of the sentence" imposed by the court-martial, but rather is a distinct original sentence and, therefore, beyond the power of the reviewing board.

To resolve this dispute we must discover for what offense or offenses the court-martial imposed the life sentence. Unquestionably, the accused was found guilty of two distinct offenses. And thereafter, in imposing a single sentence, the court did not state the relation of that sentence to either or both of the offenses. However, it is the normal, traditional and well understood practice in the administration of military justice that "there shall be but a single sentence covering all the convictions on all the charges and specifications upon which the accused is found guilty, however separate and distinct may be the different offenses found, and however different may be the punishments called for by the offenses." 1 Winthrop, Military Law, 2d ed. § 615. And see Carter v. McClaughry, 1901, 183 U.S. 365, 393, 22 S. Ct. 181, 46 L.Ed. 236; United States v. Keith, 1952, 1 U.S.C.M.A. 444, 448. And at the time of this trial that usage was embodied in the authoritative teaching of Manual for Courts-Martial that "[i]t is the duty of each member [of the court] to vote for a proper sentence for the offense or offenses of which the accused has been found guilty, * * *" Manual for Courts-Martial, U.S.1951, Art. 76b (2). Indeed, this gross sentence practice is so firmly established that it seems to be followed routinely without recital that the court is doing so.

But special circumstances are pointed out here to lend color to a claim that this case is different. First, the law officer followed the normal practice of advising the court after verdict and before sentence as to the maximum punishment it might impose. See Manual for Courts-Martial, U.S.1951, Art. 76b(1). In this connection he told the court that, the prisoner having been found guilty of murder, the court's sentencing power was limited to two alternatives, a death sentence or a sentence of life imprisonment. He said nothing about punishment for attempted rape. So, petitioner reasons, punishment for attempted rape was not in fact considered by the court and was not in fact or law a component of its sentence. Second, petitioner attempts to reinforce this position by arguing that the sentence imposed is on its face the minimum sentence for premeditated murder, and that this establishes as a matter of arithmetic that no punishment was imposed for attempted rape.

■■ Ingenious though this line of argument is, and persuasive though it has been to a majority of the division which decided DeCoster v. Madigan, supra, in another circuit, we reject it. To begin with, it was not possible for the court which found the petitioner guilty of both premeditated murder and attempted rape to order imprisonment for either a longer or a shorter period than it did. For under military law the death sentence is the only lawful alternative to life imprisonment, once a defendant has been found guilty of premeditated murder, whether alone or in addition to some other crime. Thus, the failure of the law officer to say anything to the court about the maximum punishment for attempted rape suggests nothing more than that he understood how pointless such an explanation would have been in the posture of this case. Moreover, the arithmetical argument that a sentence for two offenses must be longer than the minimum sentence required for one of them ignores both the practical difficulty of imprisoning for life plus any number of years and the absence of provision for any such oddity in the rules which control military sentencing. See Manual for Courts-Martial, U.S.1951, Art. 76b(4) and Appendix 13. We conclude that in the circumstances of this case the court-martial imposed and military law reasonably recognizes the single sentence of life imprisonment as punishment for both murder and at-

tempted rape. Cf. United States v. Gephart, 1952, 4 C.M.R. 306, petition for review denied, 2 U.S.C.M.A. 670. And see Note, 1956, 65 Yale L.J. 413. The board of review reduced this sentence for murder and attempted rape to the lesser punishment which it deemed appropriate for the crime of attempted rape alone.

■ The only other basis suggested for this challenge to the validity of the modified sentence is that in reducing the original sentence to 20 years, the maximum for attempted rape, the board of review may well have exceeded the punishment which the court-martial would have imposed for that offense alone.[1] It is, of course, conjectural what sentence the court-martial would have imposed for attempted rape in the absence of the murder conviction. But the power to resentence, for either a lesser offense or a smaller number of offenses than established by the verdict of the court-martial, without any indication of what the trial tribunal would have done in similar circumstances, is a characteristic feature of military review of criminal convictions.[2] Presently, authority for that practice is to be found in the already quoted provision of Article 66(c) of the Uniform Code of Military Justice authorizing a board of review to " * * * affirm * * * such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved. * * * " We think a grant of power in such terms clearly contemplates the exercise of independent judgment by the reviewing authority as to the appropriate sentence on modified findings, subject only to the statutory prohibition against increasing the original gross sentence. Certainly, this construction comports with military understanding and procedure in uncounted numbers of cases. A few, recently reported, are cited in the margin.[3] Such reasonable

1. Upon the basis, we are informed, the District Court for the Northern District of Georgia, in an unreported case, Fowler v. Hardwick, decided Dec. 27, 1955, invalidated the sentence of the third soldier involved in this crime, saying in its order: "This court cannot assume that, had he not been sentenced for murder however, his sentence for attempted rape would have been twenty years."

2. But the resentence must not be arbitrarily severe, even though within the statutory maximum. United States v. Voorhees, 1954, 4 U.S.C.M.A. 5091.

3. a. Cases of sentence reduction after less than all of the trial findings of guilty have been approved. United States v. Beninate, 1954, 4 U.S.C.M.A. 98 (originally 3 years for desertion and 3 unauthorized absences, reduced on review to legal maximum for the unauthorized absences alone); United States v. Wellman, 1954, U.S.C.M.A. 348 (originally 1 year for desertion and failure to obey an order, reduced on review to 6 months for failure to obey an order alone); United States v. Blau, 1954, 5 U.S.C.M.A. 232 (originally 3 years for 14 specifications of false official statements and violations of regulations, reduced to 1 year by convening authority on elimination of 8 violations, further reduced to 9 months by

board of review on elimination of yet another violation).

b. Cases of sentence reduction where guilt of lesser included offense is substituted for guilt of offense originally charged. United States v. Bigger, 1953, 2 U.S.C.M.A. 297 (premeditated murder verdict changed to unpremeditated murder and sentence reduced from death to life imprisonment, the maximum for the included offense); United States v. Walker, 1953, 3 U.S.C.M.A. 355 (10 years for unpremeditated murder, reduced to 2 years for involuntary manslaughter); United States v. Smith, 1954, 4 U.S.C.M.A. 369 (1 year for larceny from mail, reduced to 6 months for petit larceny).

c. Cases where original sentence affirmed despite vacation of some of the findings of guilty. United States v. Long, 1952, 2 U.S.C.M.A. 45 (death sentence for two offenses of rape, premeditated murder and two assaults with intent to do bodily harm with a dangerous weapon; one assault conviction set aside and premeditated murder reduced to unpremeditated murder but death sentence affirmed); United States v. Eagleson, 1954, 3 U.S.C.M.A. 685 (sentence of dismissal and $50. fine for reckless operation of a motor vehicle and leaving the scene of an accident; reckless operation charge set aside but sentence approved).

reading and administration of the legislatively approved military code should not be disturbed by the civil courts.

The judgment will be affirmed.