James GORDON and Edward L. Brown,
Petitioners, Appellants,

v.

J. T. WILLINGHAM, Warden, United
States Penitentiary, Lewisburg, Pennsylvania, Respondent-Appellee.

No. 13557.

United States Court of Appeals
Third Circuit.

Argued June 9, 1961.

Decided Aug. 30, 1961.

Alfred Avins, Chicago, Ill., for appellants.

James C. Waller, Jr., Washington, D.
C. (Daniel H. Jenkins, U. S. Atty., Phillip H. Williams, Asst. U. S. Atty., Scranton, Pa., Thomas A. Ryan, Lieutenant
Colonel, JAGC, Office of The Judge Advocate Gen., Dept. of the Army, Washington, D. C., on the brief), for appellee.

Before BIGGS, Chief Judge, and HASTIE and FORMAN, Circuit Judges.

PER CURIAM.

Appellants are two of seven American soldiers who were tried together and convicted by a court-martial in West Germany for multiple rape upon a fifteen year old German girl. Appellant Gordon was sentenced by the court to life imprisonment and dishonorable discharge. Appellant Brown was sentenced to imprisonment for forty years and dishonorable discharge. In due course a Board of Review, acting pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866, considered various contentions, including these now in issue, and reduced the terms of imprisonment to thirty years in the case of Gordon and fifteen years in the case of Brown. Thereafter, the United States Court of Military Appeals reviewed the cases and affirmed the decision of the Board of Review. United States v. Carter et al., 1958, 9 U.S.C.M.A. 108. To serve their sentences the present appellants were confined within the Middle District of Pennsylvania where they filed this petition for habeas corpus.[1] Relief was denied by the district court and the prisoners have appealed to us.

We have examined the record and have considered all of appellants' contentions. We find no error in the decision of the district court.

■ Only one contention, which appellants' capable counsel candidly designates as his strongest point, requires particular comment. It is argued that the members of the court-martial were impelled or inclined to impose very severe sentences upon appellants because of urgings by the convening authority and a still higher commander shortly before this trial that Draconian punishment be meted out to soldiers convicted of crimes of violence against German civilians. At the same time, there is no indication that anything said by commanders should have been understood or was in fact understood by members of this court-martial as urging that anyone be convicted without proper and convincing proof of guilt. Thus, the issue of command influence is limited to the question whether the appellants have been deprived of essential fairness and independence of judgment in sentencing.

■■ Under military law the maximum sentence which could properly have been imposed pursuant to these convictions of rape was life imprisonment. As we already have stated, the court-martial sentenced appellants Gordon and Brown to imprisonment for life and for forty years, respectively. However, the Board of Review resentenced appellants to prison terms of thirty years and fifteen years, respectively. On the present record we think this action by the Board of Review is decisive against appellants' constitutional contention, regardless of the possibility that the court-martial may have been subjected to command influence in its fixing of penalties.

■ The Supreme Court recently pointed out in Jackson v. Taylor, 1957, 353 U.S. 569, 77 S.Ct. 1027, 1 L.Ed.2d 1045, affirming a decision of this court, 234 F.2d 611, that a Board of Review, acting under Article 66 of the Uniform Code of Military Justice, 10 U.S.C. § 866, is vested with plenary power to substitute for the original sentence of a court-martial whatever lesser sentence the Board may consider appropriate on the entire record and in all of the circumstances of the case. Indeed, the Supreme Court indicated that in the administration of military justice this procedure is a proper substitute for a remand for resentencing by a court-martial. Accord, Fowler v. Wilkinson, 1957, 353 U.S. 583, 77 S.Ct. 1035, 1 L.Ed.2d 1054. It is, therefore, the presently effective sentence imposed by the Board of Review, not the superseded more severe sentence of the court-martial, which we must consider in determining whether there has been es-

---

1. Co-defendants who have been committed to prisons elsewhere have also made unsuccessful collateral attacks upon their convictions and sentences. Kasey v. Goodwyn, 4 Cir., 1961, 291 F.2d 174; Chandler v. Markley, D.C.S.D.Ind., 191 F.Supp. 706.

sential fairness and freedom from undue influence in sentencing. We have found nothing which indicates that the Board of Review was influenced in any way by what the theatre commanders had said or that the Board did not make independent and unbiased determination of what constituted fair sentences in these cases. We are satisfied that due process of law in sentencing requires no more than competence and impartiality on the part of the authority which has imposed the sentence under which the prisoners are now confined. For due process purposes it is not important that the effective sentence was imposed by an authority other than the original trial tribunal.

The judgment will be affirmed.