RYAN, Judge
(concurring in the result):
I agree with Judge Stucky that the Jackson v. Taylor language about “rehearing on sentence alone is neither confusing nor a mere dictum,” United States v. Winckelmann, 73 M.J. 11, 17 (C.A.A.F.2013) (Stucky, *18 J., concurring in the result), but a binding Supreme Court determination that: (1) the Uniform Code of Military Justice (UCMJ) does not provide for the Court of Criminal Appeals (CCA) to remand for a rehearing on sentence alone; and (2) Congress chose the process of sentence reassessment by the CCA after the CCA disapproves a finding, where a rehearing on that finding was not ordered. 353 U.S. 569, 579-80, 77 S.Ct. 1027, 1 L.Ed.2d 1045 (1957). But while the Supreme Court in Jackson appeared to hold squarely that rehearing on sentence alone was not a legally available option for the CCA, United States v. Miller, 10 USCMA 296, 299, 27 C.M.R. 370, 373 (1959), nonetheless, and inexplicably, held precisely to the contrary (“[T]he literal but entirely unreasonable construction of Article 66(d), supra, can easily be avoided merely by substituting ‘or’ for ‘and,’ ” to construe the statute as stating “ ‘findings or sentence.’ ”), precedent the majority follows in addressing the question before us.
Yet no party has asked us to overrule Miller, however flawed its holding is, let alone explained the reasons for ignoring stare decisis with respect to a case that has been the rule in this Court on an issue that is statutory, rather than constitutional in nature, for a very long time. See, e.g., Flood v. Kuhn, 407 U.S. 258, 282, 92 S.Ct. 2099, 32 L.Ed.2d 728 (1972) (“[Our past decision produced] an aberration that has been with us now for half a century, one heretofore deemed fully entitled to the benefit of stare decisis_”); see also Hilton v. South Carolina Pub. Rys. Comm’n, 502 U.S. 197, 202, 112 S.Ct. 560, 116 L.Ed.2d 560 (1991) (“Considerations of stare decisis have special force in the area of statutory interpretation, for here, unlike in the context of constitutional interpretation, the legislative power is implicated, and Congress remains free, to alter what we have done.” (citation and quotation marks omitted)).
Regardless, I disagree with the majority that the CCA is required to explain its reasoning on the record in order to be afforded “greater” deference in its decision to reassess the sentence rather than order a rehearing on sentence. Winckelmann, 73 M.J. at 16. It is unclear how one provides CCAs with more deference than this Court’s extant recognition that CCAs have a “highly discretionary power.” United States v. Lacy, 50 M.J. 286, 287 (C.A.A.F.1999).
In this case, the CCA reassessed the sentence. Given that the authority to reassess the sentence derives from Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2012), the same highly deferential review of the reassessed sentence is warranted that we give to any other review under Article 66(c), UCMJ. Winckelmann, 73 M.J. at 17 (Stucky, J., concurring in the result); United States v. Nerad, 69 M.J. 138, 140, 146-47 (C.A.A.F.2010). I respectfully concur in the result.