# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————————

**No. 201600245**

———————————————

### UNITED STATES OF AMERICA
Appellee

v.

### KENNEDY J. SANCHEZ
Lance Corporal (E-3), U.S. Marine Corps
Appellant

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Eugene H. Robinson, Jr., USMC.
For Appellant: Major Jason L. Morris, USMCR.
For Appellee:  Lieutenant Commander Jeremy R. Brooks, JAGC,
USN; Lieutenant Robert J. Miller, JAGC, USN.

———————————————

Decided 15 December 2016

———————————————

Before CAMPBELL, RUGH, and HUTCHISON, *Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————————

HUTCHISON, Judge:

A military judge sitting as a general court-martial convicted the appellant, consistent with his pleas, of one specification of attempted sexual assault of a child, two specifications of attempted sexual abuse of a child, one specification of violating a lawful general order,[1] and one specification of indecent exposure in violation of Articles 80, 92, and 120c, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 892, and 920c. The military judge

---

[1] III Marine Expeditionary Force/Marine Corps Installations Pacific Liberty Regulations in Japan (26 Nov 2014).

sentenced the appellant to four years' confinement, reduction to pay grade E-1, forfeiture of all pay and allowances, a reprimand, and a dishonorable discharge. The convening authority (CA) disapproved the reprimand, approved the remainder of the sentence and, pursuant to a pretrial agreement , suspended all confinement in excess of 24 months.

In light of our holding in *United States v. Uriostegui*, No. 201500404, 2016 CCA LEXIS 574, unpublished op. (N-M. Ct. Crim. App. 29 Sep 2016), decided after the appellant submitted this case for review without assignment of error, we specified for briefing whether we should reassess the appellant's sentence.[2]

After carefully considering the record of trial, the submissions of the parties, and our holding in *Uriostegui,* we find the appellant's guilty plea to indecent exposure improvident and take corrective action in our decretal paragraph. We are convinced that, following our corrective action, the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

On 28 January 2016, while stationed at Camp Foster, Okinawa, the appellant began communicating via text message with an individual he believed to be a 14-year-old girl named "Cris." In fact, "Cris" was an undercover Naval Criminal Investigative Services (NCIS) agent. During the course of their day-long, online conversation, the appellant communicated indecent language to "Cris" and sent her a digital picture of his exposed penis. The appellant and "Cris" also discussed meeting to have sex. After completing his assigned duties, the appellant left Camp Foster without authority, and traveled to a house on Kadena Air Base, Okinawa, where he intended to have sex with "Cris." The appellant's conviction for indecent exposure resulted from his texting a digital image of his exposed penis to the undercover NCIS agent. This conduct also formed the basis for his conviction of one of the attempted sexual abuse of a child specifications.

## II. DISCUSSION

We review a military judge's acceptance of a guilty plea for an abuse of discretion, reversing only if the "record shows a substantial basis in law or fact for questioning the plea." *United States v. Moon*, 73 M.J. 382, 386 (C.A.A.F. 2014) (citation omitted). In *Uriostegui*, we held that the crime of

---

[2] IN CONSIDERATION OF OUR HOLDING IN UNITED STATES V. URIOSTEGUI ___ M.J. ___ (N-M. CT. CRIM. APP. 29 SEP 2016), SHOULD THE COURT REASSESS THE SENTENCE?

indecent exposure in Article 120c, UCMJ, did not encompass the electronic transmission of a photograph or digital image of one's genitalia to another person.[3] Consistent with that holding, we find a substantial basis in law to question the appellant's plea to indecent exposure. Beyond the acceptance of the plea, we also find that the appellant's actions would be legally insufficient to support an indecent exposure conviction if a rehearing was authorized. *Uriostegui*, 2016 CCA LEXIS 574 at *22-23. As a result, we set aside the conviction for violation of Article 120c, UCMJ, and "consider the need for sentence reassessment." *Id.* at *23.

Courts of Criminal Appeals can often "modify sentences 'more expeditiously, more intelligently, and more fairly' than a new court-martial[.]" *United States v. Winckelmann*, 73 M.J. 11, 15 (C.A.A.F. 2013) (quoting *Jackson v. Taylor*, 353 U.S. 569, 580 (1957)). In such cases, CCAs "act with broad discretion when reassessing sentences." *Id.*

Reassessing a sentence is only appropriate if we are able to reliably determine that, absent the error, the sentence "would have been at least of a certain magnitude." *United States v. Harris*, 53 M.J. 86, 88 (C.A.A.F. 2000). A reassessed sentence must not only "be purged of prejudicial error [but] also must be 'appropriate' for the offense involved." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986).

We base these determinations on the totality of the circumstances of each case, guided by the following "illustrative, but not dispositive, points of analysis":

> (1) Whether there has been a dramatic change in the penalty landscape or exposure.
>
> (2) Whether sentencing was by members or a military judge alone.
>
> (3) Whether the nature of the remaining offenses captures the gravamen of criminal conduct included within the original offenses and whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses.
>
> (4) Whether the remaining offenses are of the type with which appellate judges should have the experience and familiarity to reliably determine what sentence would have been imposed at trial.

---

[3] We decline the government's invitation to reverse our ruling in *Uriostegui*. *See* Answer on Behalf of Appellee of 30 Nov 16 at 5 (arguing that the "opinion is inchoate, is subject to further appeal, and reaches an incorrect holding").

*Winckelmann,* 73 M.J. at 15-16.

Under all the circumstances presented, we find that we can reassess the sentence and that it is appropriate for us to do so. First, the penalty landscape has not changed dramatically. The maximum punishment for indecent exposure is 12 months confinement and a dishonorable discharge. Setting aside the indecent exposure conviction only reduces the appellant's maximum punishment from 53 years to 52 years. Second, the appellant elected to be sentenced by a military judge, and we are more likely to be certain of what sentence the military judge, as opposed to members, would have imposed. Third, we have extensive experience and familiarity with the remaining offenses, as none presents a novel issue in aggravation. Finally, the remaining offenses capture the gravamen of the criminal conduct at issue, and all of the evidence remains admissible. Indeed, the appellant's conviction for one of the two specifications of attempted sexual abuse of a child relied on the same facts used to convict him of indecent exposure.[4] Although charged as both attempted sexual abuse of a child and as indecent exposure, in effect, the military judge sentenced the appellant based on evidence of a single incident of the appellant e-mailing a picture of his genitalia.

Taking these facts as a whole, we can confidently and reliably determine that, absent the error, the military judge would have sentenced the appellant to at least confinement for four years, reduction to pay grade E-1, forfeiture of all pay and allowances, and a dishonorable discharge. We also conclude that the adjudged sentence is an appropriate punishment for the modified offenses and this offender—thus satisfying the *Sales* requirement that the reassessed sentence is not only purged of error, but also appropriate. *Sales,* 22 M.J. at 308.

### III. CONCLUSION

The guilty findings to Charge III and its sole specification are set aside. The remaining guilty findings and the sentence, as approved by the CA, are affirmed.

Senior Judge CAMPBELL and Judge RUGH concur.

For the Court



R.H. TROIDL
Clerk of Court

---

[4] Specification 2 of Charge I alleges that the appellant attempted sexual abuse of a child "by committing a lewd act, to wit: intentionally exposing his genitalia with the intent to arouse or gratify the sexual desire of a person." Charge Sheet.