STUCKY, Judge
(concurring in the result):
“[A] precedent of [the Supreme] Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be.” Hutto v. Davis, 454 U.S. 370, 375, 102 S.Ct. 703, 70 L.Ed.2d 556 (per curiam), reh’g denied, 455 U.S. 1038, 102 S.Ct. 1742, 72 L.Ed.2d 156 (1982); see United States v. Allbery, 44 M.J. 226, 228 (C.A.A.F.1996) (holding that a lower court does not have the discretion to overrule the precedent of a superior court). By discussing at length and in a favorable light the Supreme Court’s opinion in Jackson v. Taylor, 353 U.S. 569, 77 S.Ct. 1027, 1 L.Ed.2d 1045 (1957), the majority would have us believe that they have faithfully followed it. Such is not the ease.
Jackson specifically asked the Supreme Court to remand his case for a rehearing on sentence. 353 U.S. at 579, 77 S.Ct. 1027. The Supreme Court refused:
We find no authority in the Uniform Code for such a procedure and the petitioner points to none. The reason is, of course, that the Congress intended that the board of review should exercise this power. This is true because the nature of a court-martial proceeding makes it impractical and unfeasible to remand for the purpose of sentencing alone. See United States v. Keith, 1 C.M.A. [USCMA] 442, 451, 4 C.M.R. 34, 43 (1952). Even petitioner admits that it would now, six years after the trial, be impractical to attempt to. reconvene the court-martial that decided the case originally. A court-martial has neither continuity nor situs and often sits to hear only a single case. Because of the nature of military service, the members of a court-martial may be scattered throughout the world within a short time after a *17 trial is concluded. Recognizing the impossibility of remand to the same court-martial, petitioner suggests as an alternative that the case should be remanded for a rehearing before a new court-martial. He admits that it would now be impractical for such a new court-martial to hear all of the evidence, and that the court would have to make its sentence determination on the basis of what it could learn from reading the record. Such a procedure would merely substitute one group of nonparticipants in the original trial for another. Congress thought the board of review could modify sentences when appropriate more expeditiously, more intelligently, and more fairly. Acting on a national basis the board of review can correct disparities in sentences and through its legally-trained personnel determine more appropriately the proper disposition to be made of the cases. Congress must have known of the problems inherent in rehearing and review proceedings for the procedures were adopted largely from prior law. It is not for us to question the judgment of the Congress in selecting the process it chose.
Id. at 579-80, 77 S.Ct. 1027 (emphasis added) (footnotes omitted).
Despite the clear language of Jackson, this Court has refused to follow it. See, e.g., United States v. Sills, 56 M.J. 239, 239-40 (C.A.A.F.2002) (per curiam); United States v. Boone, 49 M.J. 187, 195 (C.A.A.F.1998); United States v. Sales, 22 M.J. 305, 307-08 (C.M.A.1986); United States v. Miller, 10 USCMA 296, 297, 27 C.M.R. 370, 371 (1959). Instead, we have required remand for a rehearing on sentence alone when the court below determines it “cannot reliably determine what sentence would have been imposed at the trial level if the error had not occurred,” Sales, 22 M.J. at 307, or when there is a “dramatic change in the penalty landscape.” United States v. Riley, 58 M.J. 305, 312 (C.A.A.F.2003) (internal quotation marks omitted); accord United States v. Buber, 62 M.J. 476, 480 (C.A.A.F.2006).
In this ease, the majority asserts that we ignored Jackson in the past, and will continue to do so, because “certain dicta” in the opinion caused “confusion ... as to the authority of the boards of review to order a rehearing on the sentence alone.” Winckelmann, 73 M.J. at 14 & n. 6. The statement in Jackson that there was no authority in the Uniform Code for a rehearing on sentence alone is neither confusing nor a mere dictum. 353 U.S. at 579, 77 S.Ct. 1027. It is a core holding that this Court is required to follow.
The majority also affirms a standard for the Courts of Criminal Appeals to follow in reassessing a sentence: The court can only affirm a sentence that did not exceed that which would have been adjudged by the court-martial, absent the error. Winckelmann, 73 M.J. at 15 (citing United States v. Moffeit, 63 M.J. 40, 41 (C.A.A.F.2006); Sales, 22 M.J. at 308). But the Supreme Court rejected a similar argument in Jackson as “based on pure conjecture. No one could say what sentence the court-martial would have imposed [absent the error].... Military law provides that one aggregate sentence must be imposed and the board of review may modify that sentence in the manner it finds appropriate.” 353 U.S. at 578, 77 S.Ct. 1027 (emphasis added).
This Court is authorized to “take action only -with respect to matters of law.” Article 67(c), Uniform Code of Military Justice .(UCMJ), 10 U.S.C. § 867(c) (2012). Therefore, this Court’s review of a Court of Criminal Appeals’ sentence reassessment is limited to preventing “ ‘obvious miscarriages of justice or abuses of discretion.’ ” United States v. Nerad, 69 M.J. 138, 142 (C.A.A.F.2010) (quoting United States v. Jones, 39 M.J. 315, 317 (C.M.A.1994)).
The reassessed sentence was neither a miscarriage of justice nor an abuse of discretion. Therefore, I concur in the judgment of this Court in affirming Appellant’s reassessed sentence.