# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————————

## No. 201600144

———————————————

## UNITED STATES OF AMERICA
Appellee

v.

## TREVOR M. STOUT
Lance Corporal (E-3), U.S. Marine Corps
Appellant

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Colonel James K. Carberry, USMC.
For Appellant: Major Jason L. Morris, USMCR .
For Appellee: Commander C. Eric Roper, JAGC, USN; Captain Cory
A. Carver, USMC.

———————————————

Decided 20 September 2016

———————————————

Before CAMPBELL, RUGH, and HUTCHISON, *Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————————

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, consistent with his pleas, of three specifications of violating the Marine Corps hazing instruction[1], and one specification each of assault consummated by battery, drunk and disorderly conduct, and communicating a threat in violation of Articles 92, 128, and 134, Uniform Code of Military Justice , 10 U.S.C. §§ 892, 928, and 934. The military judge sentenced the appellant to

———————————————

[1] Marine Corps Order 1700.28B, dtd 20 May 2013.

three months' confinement, reduction to pay grade E-1, forfeiture of $900.00 pay per month for three months, and a bad-conduct discharge. The convening authority (CA) approved the sentence and, pursuant to a pretrial agreement , suspended all confinement in excess of two months.

In his sole assignment of error, the appellant contends that his plea to communicating a threat *on divers occasions* was partially improvident because the military judge failed to elicit any facts that established the appellant communicated a threat on more than one occasion. We agree, and order relief in our decretal paragraph. Following our corrective action we find the findings and sentence are correct in law and fact and that no error materially prejudicial to a substantial right of the appellant remains.

## I. BACKGROUND

In October 2015, the appellant, as a squad leader, conducted unit training in Yuma, Arizona. During the training evolution, he required his squad members to hold their rifles by the front sight post and charging handle and to carry serialized rocks in their pockets. He required one Marine to "plank"[2] at parade rest on top of a rock.[3] Threatening his Marines, he told the squad, "I am not afraid to put my hands on you, I am gonna kill you, and I will beat your ass."[4] Finally, after consuming a large quantity of alcohol, he got into a loud,  heated argument with the duty Marine and punched another Marine.

The military judge did not define "divers" during the providence inquiry for the appellant's plea to communicating a threat[5] before the following exchange:

> MJ:  Okay. So you said those things to the persons listed in the specification?
>
> ACC: Yes, sir.
>
> MJ: All of them?
>
> ACC: Yes, sir.
>
> MJ:  Okay. Did you say that at the same time to all of them?

---

[2] The plank position described required the Marine to lay his chest on a rock with his hands folded behind his back in a horizontal "parade rest" position, so that only the tips of the Marine's feet touched the ground. Record at 20-30.

[3] *Id.*

[4] Charge Sheet, Specification 1, Charge III.

[5] Record at 36-37. The military judge had previously defined the term divers while discussing the order violations. During inquiry into those offenses, it became clear that each violation occurred only once, and the Government agreed to strike "on divers occasions" from those specifications.

ACC: Yes, sir.

MJ:  Go ahead – so what was – was this a formation, or –

ACC:  I can't really remember, sir, like what we were doing. We were probably doing some sort of training.[6]

The military judge conducted no further inquiry regarding when, or how many times, the threatening statements were made.

## II. DISCUSSION

### A. Providence of the appellant's plea

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Inabinette,* 66 M.J. 320, 322 (C.A.A.F. 2008). A military judge abuses his discretion when accepting a plea if he does not ensure the accused provides an adequate factual basis to support the plea during the providence inquiry. *See United States v. Care*, 40 C.M.R. 247, 253 (C.M.A. 1969). In establishing a factual basis, the military judge must explain each element of the offense charged and question "the accused about what he did or did not do, and what he intended[.]" *United States v. Davenport*, 9 M.J. 364, 366 (C.M.A. 1980). We will not reject the plea unless there is a substantial basis in law or fact for questioning the guilty plea. *United States v. Moon*, 73 M.J. 382, 386 (C.A.A.F. 2014) (citing *United States v. Passut*, 73 M.J. 27, 29 (C.A.A.F. 2014)).

While the providence inquiry allows us to conclude that the appellant wrongfully communicated the threatening language as alleged, the record provides no factual basis to find that he did so *on divers occasions*. Rather, the appellant admitted that he "said those things . . . at the same time to all of them."[7] As a result, there is a substantial basis for us to question the guilty plea with regards to whether the appellant communicated threats *on divers occasions.*

Accordingly, we will affirm only so much of the finding of guilty to Specification 1 under Charge III that does not include the words "on divers occasions."

### B. Reassessment of sentence

Having set aside a part of the appellant's  conviction for communicating a threat, we must reassess the sentence. Courts of Criminal Appeals (CCAs) can often "modify sentences 'more expeditiously, more intelligently, and more fairly' than a new court-martial[.]" *United States v. Winckelmann*, 73 M.J. 11,

---

[6] *Id*. at 38.

[7] *Id.*

15 (C.A.A.F. 2013) (quoting *Jackson v. Taylor*, 353 U.S. 569, 580 (1957)). In such cases, CCAs "act with broad discretion when reassessing sentences." *Id.*

Reassessing a sentence is only appropriate if we are able to reliably determine that, absent the error, the sentence would have been at least of a certain magnitude. *United States v. Harris*, 53 M.J. 86, 88 (C.A.A.F. 2000). A reassessed sentence must not only "be purged of prejudicial error [but] also must be 'appropriate' for the offense involved." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986).

We base these determinations on the totality of the circumstances of each case, guided by the following "illustrative, but not dispositive, points of analysis":

(1) Whether there has been a dramatic change in the penalty landscape or exposure.

(2) Whether sentencing was by members or a military judge alone.

(3) Whether the nature of the remaining offenses captures the gravamen of criminal conduct included within the original offenses and whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses.

(4) Whether the remaining offenses are of the type with which appellate judges should have the experience and familiarity to reliably determine what sentence would have been imposed at trial.

*Winckelmann*, 73 M.J. at 15-16.

Under all the circumstances presented, we find that we can reassess the sentence and that it is appropriate for us to do so. First, the penalty landscape is unchanged. The maximum punishment for communicating a threat alone is greater than the special court-martial jurisdictional maximum, and setting aside "on divers occasions" does not lessen the appellant's punitive exposure. Second, the appellant elected to be sentenced by a military judge, and we are more likely to be certain of what sentence the military judge, as opposed to members, would have imposed. Third, we have extensive experience and familiarity with the offenses as modified, as none presents a novel issue in aggravation. Finally, the modified offenses capture the gravamen of the criminal conduct at issue, and all of the evidence remains admissible. Indeed, the military judge sentenced the appellant based on evidence of a single incident of communicating a threat.

Taking these facts as a whole, we can confidently and reliably determine that, absent the error, the military judge would have sentenced the appellant to at least confinement for three months, reduction to pay grade E-1, forfeiture of $900.00 pay per month for three months, and a bad-conduct

discharge. We also conclude that the adjudged sentence is an appropriate punishment for the modified offenses and this offender—thus satisfying the *Sales* requirement that the reassessed sentence not only be purged of error, but appropriate. *Sales*, 22 M.J. at 308.

### III. CONCLUSION

The guilty finding to Specification 1 of Charge III is affirmed except for the words "*on divers occasions*." The remaining guilty findings and the sentence as approved by the CA are affirmed.

For the Court



R.H. TROIDL
Clerk of Court