# UNITED STATES NAVY–MARINE CORPS
# COURT OF CRIMINAL APPEALS

———————————————

### No. 201800064

———————————————

### UNITED STATES OF AMERICA
Appellee

v.

### RANGSIMAN F. LESLIE
Lance Corporal (E-3), U.S. Marine Corps
Appellant

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Leon J. Francis, USMC.
Convening Authority: 1st Marine Aircraft Wing, Marine Corps Base Kaneohe Bay, Hawaii.
Staff Judge Advocate's Recommendation: Lieutenant Colonel Melanie J. Mann, USMC.
For Appellant: Captain Kimberly D. Hinson, JAGC, USN.
For Appellee: Brian K. Keller, Esq.

———————————————

Decided 13 August 2018

———————————————

Before WOODARD, JONES, and GERDING, *Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————————

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification of conspiracy, three specifications of wrongfully using controlled substances, and three specifications of wrongfully distributing controlled substances, in violation of Articles 81 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881 and 912a (2016). The military judge sentenced the appellant to reduction to pay grade E-1, four

years' confinement, forfeiture of all pay and allowances, and a dishonorable discharge. In accordance with a pretrial agreement, the convening authority approved the sentence as adjudged, except for the dishonorable discharge, approving instead a bad-conduct discharge. Pursuant to the pretrial agreement, the convening authority suspended confinement in excess of 18 months.

## I. BACKGROUND

The appellant's case was forwarded to this court for our consideration without assignment of error. After carefully reviewing the record of trial, we find that the military judge erred in accepting the appellant's plea of guilty to Charge III, Specification 8—distribution of 3,4-methylenedioxy-methamphetamine (MDMA) on divers occasions—by failing to elicit facts sufficient to support the allegation of "on divers occasions." Following our corrective action below, no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ.

## II. DISCUSSION

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). "A military judge abuses this discretion if he fails to obtain from the accused an adequate factual basis to support the plea . . . ." *Id*. We will overturn a military judge's acceptance of a guilty plea only if the record of trial establishes a "substantial basis in law or fact" for calling the providence of the plea into question. *Id*.

The term "divers occasions" means "two or more occasions."[1] During the plea colloquy, the appellant admitted that he had distributed MDMA on one occasion, but on this single occasion, he admitted to distributing MDMA to two Marines, LCpl F and LCpl S, by handing each Marine one pill at the same time and place, on the same day.

Although not binding precedent, this court and the Army Court of Criminal Appeals have previously held that distribution of a controlled substance to more than one person at the same time does not alone support an allegation of distribution on divers occasions. *See United States v. Glazebrook*, No. 200500701, 2005 CCA LEXIS 306, at *4, unpublished op. (N-M. Ct. Crim. App. 29 Sep 2005); *United States v. Henley*, No. 20000749, 2002 CCA LEXIS 361, at *4 n.1, unpublished op. (A. Ct. Crim. App. 5 Jun 2002). We agree with the holdings in *Glazebrook* and *Henley* and hold that the military judge erred by accepting the appellant's plea of guilty to distributing MDMA on divers occasions. Accordingly, we will affirm only so much of the finding of guilty to

---

[1] Military Judges' Benchbook, Dept. of the Army Pamphlet 27-9, at 1129 (10 Sep 2014).

Charge III, Specification 8 that does not include the words "on divers occasions."

Having affirmed a guilty finding to a single occasion of distributing MDMA under Charge III, Specification 8, we must determine if we can reassess the sentence. Often times we can "modify sentences 'more expeditiously, more intelligently, and more fairly' than a new court-martial[.]" *United States v. Winckelmann*, 73 M.J. 11, 15 (C.A.A.F. 2013) (quoting *Jackson v. Taylor*, 353 U.S. 569, 580 (1957)). In such cases, we "act with broad discretion when reassessing sentences." *Id.*

Reassessing a sentence is only appropriate if we are able to reliably determine that, absent the error, the sentence would have been at least of a certain magnitude. *United States v. Harris*, 53 M.J. 86, 88 (C.A.A.F. 2000). A reassessed sentence must not only "be purged of prejudicial error [but] also must be 'appropriate' for the offense involved." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986).

In determining whether to reassess a sentence or to order a sentencing rehearing, we consider the five factors espoused in our superior court's holding in *Winckelmann*: (1) whether there has been a dramatic change in the penalty landscape and exposure; (2) the forum of the court-martial; (3) whether the remaining offenses capture the gravamen of the criminal conduct; (4) whether significant aggravating circumstances remain admissible and relevant; and (5) whether the remaining offenses are the type with which we as appellate judges have experience and familiarity to reasonably determine what sentence would have been imposed at trial. *Winckelmann*, 73 M.J. at 15-16.

Because our findings do not effect a significant change to the language of the offense and does not completely set aside the findings of guilty to the offense, there is no change in the penalty landscape. The remaining language and offenses capture the gravamen of the criminal conduct for which the appellant was sentenced. Furthermore, these are offenses with which we, as appellate judges, have in depth experience and familiarity. We conclude that sentence reassessment is appropriate. We are confident that, absent the error in this case, the court-martial would have imposed no less of a sentence than the CA approved—reduction to pay grade E-1, four years' confinement, forfeiture of all pay and allowances, and a bad-conduct discharge. We also conclude that the reassessed sentence is an appropriate punishment for the modified findings and this offender—thus satisfying the *Sales* requirement that the reassessed sentence not only be purged of error, but appropriate. *Sales*, 22 M.J. at 308.

### III. CONCLUSION

The guilty finding to Charge III, Specification 8 is affirmed except for the words *on divers occasions*. The remaining guilty findings and the sentence as approved by the Convening Authority are affirmed.

FOR THE COURT

RODGER A. DREW, JR.
Clerk of Court