# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

**No. 201600210**

————————————

**UNITED STATES OF AMERICA**
Appellee

v.

**BRANDON M. KOLWYCK**
Corporal (E-4), U.S. Marine Corps
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Major Mark Sameit, USMC.
For Appellant: Commander R.D Evans, JR., JAGC, USN.
For Appellee:  Lieutenant Commander Jeremy R. Brooks, JAGC,
USN; Captain Sean M. Monks, USMC.

————————————

Decided 15 December 2016

————————————

Before CAMPBELL, RUGH, and HUTCHISON, *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————

RUGH, Judge:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification of assault with intent to inflict grievous bodily harm and one specification of assault with a means or force likely to produce death or grievous bodily harm in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928. The military judge sentenced the appellant to 14 months' confinement and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged.

The appellant now raises as error that he was subjected to an unreasonable multiplication of charges as applied to sentencing. We agree

and analyze for sentence reassessment below. Otherwise, we conclude the findings and sentence are correct in law and fact, and we find no other error materially prejudicial to the appellant's substantial rights. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

On 14 November 2015, the appellant resolved a domestic dispute with his wife by punching her repeatedly in the face with his fists. He then "grabbed her around the throat and moved her 180 degrees to the hallway wall. . . . [and] then struck her three or four more times . . . ."[1] He did this in their on-base residence while his one-year-old daughter watched and his two-year-old son slept downstairs.

Although the entire assault lasted only a few minutes, the appellant's wife suffered a fracture to her left eye socket and spent several days in the hospital. At trial, the appellant admitted that he punched his wife almost as hard as he could, that he knew his punches might break bones in her face, and that he intended to inflict grievous bodily harm on his wife by punching her. He also acknowledged that he squeezed his wife's throat with sufficient force that grievous bodily harm could have occurred.

Prior to findings, defense counsel objected that the two specifications of assault arising from the one violent altercation amounted to an unreasonable multiplication of charges. The military judge disagreed, and, after identifying the factors for assessing an unreasonable multiplication of charges provided in *United States v. Quiroz*, 55 M.J. 334, 338-39 (C.A.A.F. 2001), determined:

> [T]hat these are distinctly separate acts that were charged in this case. There is a marked difference between punching someone in the face versus [strangling] somebody. Even though they occurred during the course of one fight, these are separate criminal acts that can be charged separately, and they both have their own unique risks to them.[2]

On the matter of whether the two specifications unreasonably increased the appellant's punitive exposure, he explained:

> These are two separate crimes which have their own individual risks and Congress found the need to separate and charge both of these separately because of the separate risks. The President has assigned separate punishments to these two types of

---

[1] Record at 17.

[2] *Id.* at 29.

crimes that need to be prevented, and the [appellant] actually did assault two separate body parts of the victim in this case.[3]

The military judge then denied the defense motion.

## II. DISCUSSION

### A. Unreasonable multiplication of charges

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." RULE FOR COURTS-MARTIAL (R.C.M.) 307(c)(4), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). Unreasonable multiplication of charges is a concept distinct from multiplicity. *Quiroz*, 55 M.J. at 337. It "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *Id..* A military judge's unreasonable multiplication of charges ruling is reviewed for an abuse of discretion. *United States v. Campbell*, 71 M.J. 19, 22 (C.A.A.F. 2012).

Charges may constitute unreasonable multiplication either as applied *to findings* or as applied *to sentencing. Id.* at 23. We consider five non-exclusive factors to determine whether there is an unreasonable multiplication of charges:

> (1) Whether the appellant objected at trial;

> (2) Whether each charge and specification is aimed at distinctly separate criminal acts;

> (3) Whether the number of charges and specifications misrepresents or exaggerates the appellant's criminality;

> (4) Whether the number of charges and specifications unreasonably increases the appellant's punitive exposure; and,

> (5) Whether there is any evidence of prosecutorial overreaching or abuse in the drafting of the charges.

*See Quiroz*, 55 M.J. at 338-39.

No one factor is a prerequisite. Instead, these factors are weighed together, and "one or more. . . . may be sufficiently compelling[.]" *Campbell,* 71 M.J. at 23. While some factors may be most pertinent when assessing an unreasonable multiplication of charges *as to findings*, others may only gain in prominence when the assessment turns to an unreasonable multiplication of charges *as to sentence.*[4]

---

[3] *Id.* at 30.

[4] The *flavor* of unreasonable multiplication raised, and thereby the nature of the harm implicated, directly affects the remedy a military judge should craft. In cases in

Here, the appellant objected at trial. Additionally, the parties do not allege prosecutorial overreaching or abuse in the drafting of the charges.[5] The military judge also fully developed on the record his reasons for denying the appellant's motion with regards to unreasonable multiplication of charges *as to findings*—that the appellant striking his wife in the face with the intent to cause grievous bodily harm and strangling her with a means likely to cause grievous bodily harm constituted "two separate crimes which have their own individual risks[.]"[6]

As a result, we do not find, and the appellant does not allege, that the military judge abused his discretion in balancing the *Quiroz* factors in assessing for an unreasonable multiplication of charges *as applied to findings*.

However, we disagree with the military judge's determination regarding the unreasonable multiplication of charges *as applied to sentencing*, particularly when weighing whether the charging scheme unreasonably exaggerated the appellant's criminality and increased his punitive exposure.

---

which there is an unreasonable multiplication of charges *as to findings*, the military judge should ordinarily resolve the harm through consolidation of the specifications— accomplished by "combining the operative language from each specification into a single specification that adequately reflects each conviction." *United States v. Thomas*, 74 M.J. 563, 568-69 (N-M. Ct. Crim. App. 2014) (footnote omitted). When consolidation is inappropriate, the military judge should consider conditionally dismissing one or more of the findings, to become effective upon final appellate review. *Id.* at 569. Consolidation or conditional dismissal should then be accurately reflected in any subsequent CA's action.

In cases in which there is an unreasonable multiplication of charges *as to sentencing*, the military judge should ordinarily resolve the harm through merging the specifications for sentencing. In this situation, each affected specification remains, but the maximum punishment available is reduced to that of the greatest offense merged. In other words, the accused should be punished as if the affected specifications or charges were but a single offense. The military judge should advise members of the new, applicable maximum punishment and that the accused should be sentenced as if the merged specifications were one. In the case of military judge-alone sentencing, the military judge should announce on the record that the affected specifications are being merged for sentencing and that the accused will be sentenced on the affected specification as merged. The military judge should then inform the accused of the new, applicable maximum punishment.

[5] At trial, just as now, the defense acknowledged that, "[T]here is[n't] anything that the prosecutor has done that is out of line in any way." Record at 27.

[6] *Id.* at 30.

While the military judge's "separate risks" analysis was preeminent in determining whether each specification was aimed at distinctly separate criminal acts and whether the sheer number of specifications misrepresented the appellant's criminality, its applicability in the context of the appellant's punitive exposure is less persuasive. Instead, generally "one act implicating . . . separate criminal purposes" should be treated as one offense for purposes of sentencing.[7] Additionally, while both Articles 128(b)(1) and 128(b)(2), UCMJ,[8] carry distinct maximum punishments—three years' and five years' confinement, respectively—asserting this as grounds for denying relief from an unreasonable multiplication of charges would devour the rule, as every offense under the code comes with its own unique limits proscribed by the President.[9]

Though the abuse of discretion standard is "a strict one, calling for more than a mere difference of opinion," *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010) (citations and internal quotation marks omitted), under the circumstances of this case, in which the two assaults arose from the same altercation and occurred at the same time without interruption, it was inappropriate to set the maximum punishment based on the aggregate of the two offenses. Doing so unfairly exaggerated the appellant's punitive exposure and resulted in an unreasonable multiplication of charges *as to sentencing*.

---

[7] *Campbell*, 71 M.J. at 25 (finding that the military judge did not abuse his discretion in merging three offenses into one for purposes of sentencing). *See also United States v. Jinetecabarcas*, 2015 CCA LEXIS 122, *17 (A. Ct. Crim. App. 27 Mar 2015), (finding that "[b]ecause [the] appellant's singular conduct . . . violated two orders that were essentially the same order issued by two different officials, the military judge appropriately merged these two specifications for sentencing purposes.") (citation and internal quotation marks omitted) (alteration in original), *rev. denied*, 75 M.J. 11 (C.A.A.F. 2015); *United States v. Parker*, 2015 CCA LEXIS 9, *14-16 (N-M. Ct. Crim. App. 22 Jan 2015) (upholding the military judge's decision at trial to merge sodomy and adultery offenses occurring with the same person at the same time while not merging similar offense with a separate person occurring over two separate time periods), *rev. denied*, 75 M.J. 16 (C.A.A.F. 2015). *Cf. United States v. Ryan*, 2014 CCA LEXIS 217, *2, *8-9, unpublished op. (A. F. Ct. Crim. App. 28 Mar 2014) (finding the military judge did not abuse his discretion in declining to merge specifications for drug possession and use, in part because the maximum punishment was limited by referral to special court-martial).

[8] MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), Part IV, ¶¶ 54e(8)c and 54e(9)c.

[9] *See* Art. 56, UCMJ.

**B. Sentence reassessment**

Having determined that the two specifications should have been merged for sentencing, we must reassess the sentence. Courts of Criminal Appeals (CCAs) can often "modify sentences 'more expeditiously, more intelligently, and more fairly' than a new court-martial[.]" *United States v. Winckelmann*, 73 M.J. 11, 15 (C.A.A.F. 2013) (quoting *Jackson v. Taylor*, 353 U.S. 569, 580 (1957)). In such cases, CCAs "act with broad discretion when reassessing sentences." *Id.*

Reassessing a sentence is only appropriate if we are able to reliably determine that, absent the error, the sentence would have been at least of a certain magnitude. *United States v. Harris*, 53 M.J. 86, 88 (C.A.A.F. 2000). A reassessed sentence must not only "be purged of prejudicial error [but] also must be 'appropriate' for the offense involved." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986).

We base these determinations on the totality of the circumstances of each case, guided by the following "illustrative, but not dispositive, points of analysis":

> (1) Whether there has been a dramatic change in the penalty landscape or exposure.

> (2) Whether sentencing was by members or a military judge alone.

> (3) Whether the nature of the remaining offenses captures the gravamen of criminal conduct included within the original offenses and whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses.

> (4) Whether the remaining offenses are of the type with which appellate judges should have the experience and familiarity to reliably determine what sentence would have been imposed at trial.

*Winckelmann*, 73 M.J. at 15-16.

Under all the circumstances presented, we find that we can reassess the sentence and that it is appropriate for us to do so. First, the merger of specifications reduces the maximum authorized confinement from eight years to five years, but the appellant was adjudged only 14 months' confinement. While the three years' difference is significant, this does not represent a dramatic change in the sentencing landscape given the adjudged sentence. Second, the appellant elected to be sentenced by a military judge, and we are more likely to be certain of what sentence the military judge, as opposed to members, would have imposed. Third, we have extensive experience and familiarity with the offenses as modified, as none presents a novel issue in

aggravation. Finally, the modified offenses capture the gravamen of the criminal conduct at issue, and all of the evidence remains admissible. Indeed, the military judge sentenced the appellant based on evidence of the one altercation.

Taking these facts as a whole, we can confidently and reliably determine that, absent the error, the military judge would have sentenced the appellant to at least confinement for 14 months and a bad-conduct discharge. We also conclude that the adjudged sentence is an appropriate punishment for the modified offenses and this offender—thus satisfying the *Sales* requirement that the reassessed sentence is not only purged of error, but is also appropriate. *Sales*, 22 M.J. at 308.

### III. CONCLUSION

The findings and sentence, as approved by the CA, are affirmed.

Senior Judge CAMPBELL and Judge HUTCHISON concur.

For the Court

R.H. TROIDL
Clerk of Court